**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**COREY O. PRICE,**

**Plaintiff,**

**v.** **Case 1:25-cv-01175-STA-cgc**

**FRANK BISIGNANO,
Commissioner of Social Security,**

**Defendant.**

---

**REPORT AND RECOMMENDATION ON SECTION 405(g) REVIEW OF THE COMMISSIONER'S FINAL DECISION DENYING APPLICATION FOR SUPPLEMENTAL SECURITY INCOME**

---

Plaintiff Cory O. Price filed this judicial action to obtain review of the Commissioner of Social Security Administration's ("Commissioner") final decision denying his application for supplemental security income ("SSI") sought pursuant to Title XVI of the Social Security Act (the "Act"), 42 United States Code Section 1381, *et seq*. (Docket Entry ("D.E.") #1).

Pursuant to Administrative Order 2013-05, this case has been referred to the United States Magistrate Judge. For the reasons set forth herein, it is RECOMMENDED that the final decision of the Commissioner be AFFIRMED.

## I. Procedural History[1]

Plaintiff filed an application for SSI on March 24, 2023. (Tr. at 88). He alleged that he was born in 1974 and become disabled on April 6, 2011. (Tr. at 205). Plaintiff's claim was denied

---

[1] The transcript of the administrative proceedings has been filed by the Commissioner (D.E. #10) and will be cited as (Tr. at [page number]).

initially and upon reconsideration. (Tr. at 88-89). Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on July 19, 2024. (Tr. at 28-54). On August 16, 2024, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. (Tr. at 12-27). On June 10, 2025, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. at 1-5). Thus, the ALJ's decision became the final decision of the Commissioner. This appeal for judicial review pursuant to Section 405(g) followed.

## II. Commissioner's Determination of Disability

The Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 1382c(a)(3). The claimant bears the ultimate burden of establishing an entitlement to benefits. *Born v. Secretary of Health & Human Services*, 923 F.2d 1168, 1174 (6th Cir.1990). The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. *Id.*

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

*Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301 (6th Cir. 1988).

Before proceeding to Step Four of the sequential analysis, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 416.920(a)(4), 416.945. The RFC is a determination of the most an individual can still do despite the physical and/or mental limitations that he experiences in a work setting due to her impairment(s) and any symptoms resulting therefrom. 20 C.F.R. § 416.945(a)(1). As part of this review, the ALJ evaluates the intensity and persistence of symptoms to determine how they limit the capacity for work. 20 C.F.R. § 416.929(c). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined as follows: (1) the claimant has not engaged in substantial gainful activity since March 24, 2023, the application date; (2) the claimant has the following severe impairments: a spine disorder, bipolar and anxiety disorders; and, borderline intellectual function; (3) the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1); (4) the claimant has the RFC to perform light work as defined in 20 C.F.R. 416.967(b) and can perform the following: (a) he can lift and carry 20 pounds occasionally and 10 pounds frequently; (b) he can sit, stand and walk six of eight hours each for a full eight hour day; (c) he has unlimited push/pull and gross/fine dexterity except for occasional push/pull with the bilateral lower extremities; (d) he can occasionally climb stairs but no ladders or running; (e) he can occasionally bend, stoop, crouch, balance, twist and squat; (f) he requires occasional exposure

to heights and dangerous machinery; (g) he can respond/adapt to workplace changes and supervision but within an occasional public/employee contact setting with no production quotas; (5) the claimant has no past relevant work; (6) the claimant was born on December 25, 1974 and was forty-eight years old, which is a younger individual, on the date the application was filed; (7) the claimant has a limited education; (8) transferability of job skills is not an issue because the claimant does not have past relevant work; (9) considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform; and, (10) the claimant has not been under a disability, as defined in the Act, since March 24, 2023, the date the application was filed, through the date of this decision. (Tr. at 17-27).

## III. Standard of Judicial Review

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which she was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g); *Wyatt v. Secretary of Health & Human Services*, 974 F.2d 680, 683 (6th Cir.1992); *Cohen v. Secretary of Health & Human Srvs.*, 964 F.2d 524, 528 (6th Cir.1992), and whether the correct legal standards were applied, *Landsaw v. Secretary of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir.1986). This review may only be based upon "the reasons stated by the ALJ in the record." *Gibson v. Saul*,

548 F. Supp. 3d 659, 664 (N.D. Ohio 2021) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. *See Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

## IV. Issues Presented

### *A. Whether the ALJ's RFC Determination is Supported by Substantial Evidence*

Here, Plaintiff asserts that the ALJ's RFC is not supported by substantial evidence because the ALJ did not consider the supportability and consistency of the the medical opinions of Dr. Ryan, Dr. Knox-Carter, Dr. Staab, Dr. Schoup, and Dr. Gardner pursuant to 20 C.F.R. 416.920c.

Section 416.920c, which governs consideration of medical opinions and prior administrative medical findings, states that the most important factors to be considered are supportability and consistency. *Id*. Because of their importance, the ALJ is required to articulate and explain how these factors are considered with respect to the medical opinions and prior administrative medical findings. *Id*.

Upon review, at the outset, the ALJ states that he has "considered the medical opinions and prior administrative medical findings in accordance with the requirements of 20 CFR 416.920c." (Tr. at 20). He then proceeds to discuss the medical opinion evidence specifically.

First, the ALJ notes that Dr. Ryan and Dr. Knox-Carter "opined the claimant could perform light work except frequently climb, balance, stoop, kneel, crouch and crawl." (Tr. at 21) (citing Exhs. E2A & E5A). The ALJ not only included this restriction in his RFC finding but imposed further limitations than Dr. Ryan and Dr. Knox-Carter proposed. Specifically, the ALJ found that Plaintiff's "postural activities as well as pushing and pulling with the bilateral lower extremities is reasonable given his continued complaints of testicular/groin and low back pain." (Tr. at 21). While not using the terms "supportability" and "consistency," the ALJ determined that Dr. Ryan and Dr. Knox-Carter's opinions were supported by the record but were inconsistent with greater restrictions based upon other evidence in the record. Accordingly, it is RECOMMENDED that the ALJ has properly considered Dr. Ryan and Dr. Knox-Carter's medical opinions pursuant to Section 416.920c.

Next, the ALJ considered the prior administrative findings of Dr. Rebecca Staab, Ed.D, and Dr. Fawn Schoup, Ph.D., who opined that "the claimant can understand and remember simple one but not executive level instructions; maintain attention, concentration, persistence and pace for those tasks, for at least 2 hours, with appropriate breaks; interact with the general public, coworkers and supervisors on an occasional basis; and adapt to occasional changes in the workplace." (Tr. at 21) (citing Exhs. E2A & E5A). The ALJ not only included Dr. Staab and Dr. Schoup's restrictions in his RFC determination, finding that they were "consistent with the record as a whole," he again imposed additional restrictions – specifically, that Plaintiff's "borderline intellectual functioning and concrete thought processes" made it "reasonable not to require quota work." (Tr. at 21). Thus, the ALJ did explicitly discuss the consistency of Dr. Staab and Dr. Schoup's medical opinions with the record and found, in favor of Plaintiff, that additional restrictions were appropriate. Further, although he did not use the term "supportability," he did

find that Dr. Staab and Dr. Schoup's restrictions were supported and included them in his RFC determination. Accordingly, it is RECOMMENDED that the ALJ has properly considered Dr. Staab and Dr. Schoup's prior administrative findings pursuant to Section 416.920c.

Finally, the ALJ considered the medical opinions of Dr. Gardner, who opined that Plaintiff "could lift/carry up to 10 pounds frequently; sit 5-6 hours for 1-2 hours at a time; stand/walk 3 hours for 30-45 minutes at a time; can less than occasionally reach, push and pull; occasionally handle; frequently finger and feel; occasionally operate right foot controls and less than occasionally operate left foot controls; never climb ladders/scaffolds or crawl; less than occasionally balance, stoop and kneel; occasionally climb ramps/stairs; never work at unprotected heights; occasionally operate a motor vehicle, work at humidity/wetness, pulmonary irritants, temperature extremes and vibrations; and does not require a cane to ambulate." (Tr. at 21) (citing Exhibit E10F).

The ALJ determined that Dr. Gardner's opinion is "not fully persuasive" because it is not consistent with his own exam or the record as a whole and because he does not cite to specific findings to support his opinion. The ALJ further determined that, with the exception of Dr. Gardner's finding that Plaintiff does not require a cane to ambulate, which he found to be consistent with the record, he concluded that the record demonstrates as follows: (1) that Plaintiff had "no gait abnormalities, no straight leg raises, no balance issues and no loss of strength or sensation"; (2) that Plaintiff "has no hand or arm impairments which would limit his ability to finger and feel and no shoulder impairment which would limit his ability to reach"; and, (3) that, while Plaintiff "may have mild cervical degenerative disc disease, he did not complain of neck pain during the period in question." Accordingly, it is RECOMMENDED that the ALJ adequately

discusses both the consistency and supportability of Dr. Gardner's medical opinion pursuant to Section 416.920c.

## V. Conclusion

For the reasons set forth herein, it is RECOMMENDED that the final decision of the Commissioner should be AFFIRMED.

**SIGNED** this 9th day of September, 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**